UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN RONEE MICKENS,
an individual,

        Plaintiff,

v.

Case No.:

REALPAGE, INC.,
a foreign for-profit corporation,

        Defendant.
_____/

# COMPLAINT

Plaintiff, JACQUELYN RONEE MICKENS (hereinafter, "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, REALPAGE, INC., a foreign for-profit corporation ("RealPage" or "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (hereinafter, the "FCRA"). Plaintiff is an individual and a consumer as defined by the FCRA. She is also a veteran of the United States Army. Defendant is a consumer reporting agency under the FCRA. Defendant violated the FCRA when it reported inaccurate criminal history and employment information ("Inaccurate Information") on Plaintiff's personal consumer reports and

1

credit files that did not belong to her. Upon information and belief, the Inaccurate Information belonged to Plaintiff's twin sister. Defendant's false and inaccurate reporting caused Plaintiff to be denied housing as well as other damages as set forth below.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, as well as pursuant to the FCRA, 15 U.S.C.§ 1681, *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District, and the events described herein occurred in this District.

4. Venue is proper in this District as the acts and transactions described herein occurred in this District.

5. At all material times herein, Plaintiff was a natural person residing in Tampa, Florida.

6. At all material times herein, Defendant was a for-profit corporation existing under the laws of the State of Delaware with its principal place of business located at 2201 Lakeside Blvd, Richardson, TX 75082. Defendant is listed as actively registered in Florida on the Florida Secretary of State's website.

## FCRA STATUTORY STRUCTURE

7. Congress enacted the FCRA requiring consumer reporting agencies to

adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. § 1681a.

8. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

9. Under the FCRA, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the Court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

10. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681o.

11. Defendant is liable to Plaintiff under the FCRA.

## **GENERAL ALLEGATIONS**

12. At all material times herein, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

13. At all material times herein, Defendant was a "person" as defined by 15 U.S.C. § 1681a(b).

14. At all material times herein, Defendant reported the Inaccurate Information in the form of criminal history and former employment on Plaintiff's personal consumer credit reports, to wit: criminal convictions referenced by criminal Case #21-CF-004346-A, and an inaccurate name.

15. Case #21-CF-004346-A, as reported by Defendant, shows two separate guilty adjudications, a felony possession of cannabis and a misdemeanor possession of drug paraphernalia.

16. Plaintiff is a 100% service-connected disabled veteran of the United States Army and has no criminal history.

17. Defendant has also reported Plaintiff's twin sister's name, Jacquay Mickens, and employer, Costco, on Plaintiff's personal consumer reports and credit files.

18. At all material times herein, Defendant was a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA and regularly engaged in the business of assembling, evaluating, and disseminating information concerning

consumers for the purpose of furnishing consumer reports.

19. Defendant disburses such consumer reports to third parties under contract in return for monetary compensation.

20. At all material times herein, Defendant acted itself or through its respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. All necessary conditions precedent to the filing of this action occurred, or Defendant voluntarily waived the same.

## **FACTUAL ALLEGATIONS**

22. Plaintiff's name is Jacquelyn Ronee Mickens.

23. Plaintiff has a twin sister with the same birthdate and named Jacquay Lashae Mickens.

24. In July 2023, Plaintiff retired from the United States Army with a 100% service-connected disability rating.

25. Plaintiff has never worked for Costco.

26. Plaintiff has no criminal history, either adult or juvenile.

27. Since Plaintiff's retirement from the Army, she and her family have had difficulty finding landlords who will rent to Plaintiff, without Plaintiff knowing why.

28. In July 2024, Plaintiff and her family were looking to lease a new apartment in Tampa, and decided to apply at the Boulevards, a property managed by TRG Management Company, LLLP ("TRG").

29. TRG is a large multistate property management company based in Florida that boasts of 20,000 residences managed across more than 100 different properties.

30. Plaintiff filled out a lease application using her identifying information, and TRG, through its employees at Boulevards, submitted Plaintiff's identifying information to Defendant for the purposes of obtaining a consumer report on Plaintiff from Defendant.

31. Defendant transmitted and published a consumer report to the Boulevards for Plaintiff that contained the above-referenced inaccurate, false, and derogatory information that does not belong to Plaintiff.

32. Defendant obtained some or all of the Inaccurate Information it included on the subject consumer report information from Genuine Data Services, LLC ("GDS").

33. Plaintiff was shocked, embarrassed, and upset when TRG (through the Boulevards) informed Plaintiff that the background check provided by Defendant came back with a criminal history and that the Boulevards refused to rent to her and her family.

34. Plaintiff knows that the criminal history -- the two drug convictions -- belong to Plaintiff's sister, Jacquay Lashae Mickens.

35. TRG's leasing agent at the Boulevards refused to give Plaintiff a copy of the consumer report upon which TRG based its decision.

36. Plaintiff desperately wanted the apartment, so she went to the Hillsborough County Court to obtain a Certificate of No Record stating that the Clerk had made a diligent search of all misdemeanor, felony and juvenile records from the year 2000 (Plaintiff was born in 1996) finding no criminal history for Plaintiff.

37. Plaintiff requested a copy of the consumer report and her credit file directly from Defendant.

38. Defendant provided Plaintiff with a duplicate of the consumer report that it had published and transmitted to the Boulevards.

39. The consumer report Defendant published and transmitted to the Boulevards contained the Inaccurate Information consisting of two criminal convictions, the name of Plaintiff's twin sister, and an employer (Costco) that did not belong to Plaintiff.

40. The consumer report Defendant published and transmitted to the Boulevards had obtained the criminal convictions and name of Plaintiff's twin sister from GDS.

41. The criminal history appears on the subject consumer report as follows:

**Criminal & Other Records**

Run date 7/31/2024

**Offender information**

| ID | Jur code | Name | Birth date | SSN | Photo/Description |
|---|---|---|---|---|---|
| 1 | FLCTYHILLSBOROUGH | MICKENS, JACQUAY | 10/19/xxxx | | SEX: f RACE_ETHNIC: black |

**Offense information** - ID column indicates association between offender and offense

| ID | Jur code | Disposition | Type/Level | Charge | Record Date | ORIC/ County | Note |
|---|---|---|---|---|---|---|---|
| 1 | FLCTYHILLSBOROUGH | NT - ADJUDGED GUILTY | F | 893136A-DRUG2102 (FT) POSSESSION OF CANN | 07/19/2021 | Case#21-CF-004346-A | |
| 1 | FLCTYHILLSBOROUGH | NT - ADJUDGED GUILTY | M | 8931471-DRUG8102 (MF) POSSESSION OF DRUG | 07/19/2021 | Case#21-CF-004346-A | |

**Source and Vendor Information**

| Jur Code | Source | Vendor Information |
|---|---|---|
| FLCTYHILLSBOROUGH | Florida Hillsborough County | Genuine Data Services, LLC |

42. Type "F" means felony.

43. Type "M" means misdemeanor.

44. "Drug 8102" is possession of drug paraphernalia.

45. "Drug 2102" is felony possession of cannabis.

46. Plaintiff has no criminal history and has never worked for Costco.

47. Defendant could have easily figured that out because the names and social security numbers for Plaintiff and her sister are different. They also do not share an address or telephone number or email address or IP address. They do not share any joint credit accounts or loans. Plaintiff's sister is not a veteran.

48. Defendant has been the subject of multiple other lawsuits brought by individuals and government agencies alleging similar misconduct as what is alleged

here.

49. In *Federal Trade Commission v. Realpage, Inc.,* No. 3:18-cv-02737-N (N.D. Tx.) it was alleged that:

> In numerous instances, RealPage failed to follow reasonable procedures to assure maximum possible accuracy of the criminal record information in its tenant screening reports. Since at least January 1, 2012 through September 19, 2017 ("relevant time period"), among other things, RealPage failed to follow reasonable procedures to assure that the criminal record information contained in its tenant screening reports concerned the actual applicant for housing.
> […]
> RealPage's screening solutions (1) used broad search criteria at the outset, (2) then applied only limited filters to the broad results, and (3) did not have policies or procedures to assess the accuracy of the results. In multiple instances, RealPage's practices led to the identification of criminal records that do not belong to the applicant and to the inclusion of this inaccurate information in tenant screening reports.

*Federal Trade Commission v. Realpage, Inc.,* No. 3:18-cv-02737-N, Dkt. 1, p. 5 (N.D. Tx.).

50. *Federal Trade Commission v. Realpage, Inc.,* No. 3:18-cv-02737-N resolved with a Stipulated Order for Permanent Injunction and Civil Penalty Judgment that included a $3M fine and ten years of compliance monitoring.

51. Defendant is the subject of several other lawsuits making similar allegations about Defendant's inadequate procedures for the preparation of

consumer reports, including two pending class action lawsuits and at least one other individual lawsuit.

52. Plaintiff is a disabled veteran on a fixed, but dependable source of income and would be an excellent tenant.

53. Plaintiff and her family need to find an apartment immediately.

54. Plaintiff and her family have been crammed into Plaintiff's grandmother's house for months, unable to rent, which causes substantial strain on Plaintiff and her family.

## DAMAGES

55. Defendant's conduct constitutes a knowing and willful (i.e., reckless) decision to report erroneous information belonging to a third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information—including an erroneous criminal history—unequivocally indicates that such personal information and trade-line information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

56. In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

57. Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable

fee for their services.

58.     The FCRA, Sections 1681n and/or 1681o, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

59.     Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the erroneous Account.

60.     Plaintiff suffered additional actual damages in the form of damage to her credit reputation, higher credit costs, lost sleep, emotional distress, and Plaintiff is unable to apply for new credit for fear that she would be denied because of the objectively inaccurate reporting referenced herein.

61.     Furthermore, Plaintiff suffers ongoing actual damages because she fears that Defendant will again allow information to appear on Plaintiff's credit reports in the future that does not belong to Plaintiff, as Defendant has already done, and because Defendant is unfortunately used by so many landlords and property managers.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 U.S.C.§ 1681e(b)**

62.     Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully

restated herein and further states as follows:

63. Defendant is subject to, and violated, 15 U. S. C. § 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit files published and maintained concerning Plaintiff.

64. Defendant willfully failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports. In the alternative, Defendant's violations were negligent.

65. Specifically, Defendant reported the Inaccurate Information consisting of *at least* two erroneous criminal convictions that did not belong to Plaintiff, and instead, belonged to a third-party as well as employment at Costco that did not belong to Plaintiff and a name that did not belong to Plaintiff.

66. Such reporting is inaccurate and evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and credit file.

67. The conduct of Defendant constitutes a knowing and willful (i.e., reckless) decision to report erroneous information belonging to a third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such information should not have been reported on Plaintiff's

consumer reports.

68. As a result of the conduct, actions, and inactions of Defendant, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage her credit scores with futile credit inquiries, and she was continually evaluated for credit using consumer reports that reported the Account that was not hers.

69. Furthermore, Plaintiff suffers ongoing actual damages because she cannot rent an apartment, has to live in difficult living conditions, and fears that Defendant will again allow information to appear on Plaintiff's credit reports in the future that does not belong to Plaintiff, as Defendant has already done.

70. The conduct of Defendant was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

71. Defendant's violations of 15 U.S.C. § 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.  Judgment against Defendant for actual damages, statutory damages, punitive damages, attorney's fees and costs under the FCRA; and,

b.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

This 3rd day of December, 2024.

Respectfully submitted,

*/s/John A. Love*
John A. Love
Florida Bar No. 67224
LOVE CONSUMER LAW
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

SaraEllen Hutchison (Washington State Bar No. 36137, *Pro Hac Vice to be requested*)
1102 A ST STE 300 PMB 66
Tacoma, WA 98402
Telephone: 206-529-5195
Fax: 253-302-8486
Email: saraellen@saraellenhutchison.com

Justin M. Baxter (Washington State Bar No. 39182, *Pro Hac Vice to be requested)*
justin@baxterlaw.com
BAXTER & BAXTER, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
justin@baxterlaw.com

*Attorneys for Plaintiff*